UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARK ELDRIDGE, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 4:23-CV-1053-RLW |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of Movant Mark Eldridge's response to the Court's December 15, 2023 Order directing him to show cause why his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence should not be dismissed as untimely.  For the reasons explained below, the Court has determined that the Motion is untimely, and Movant has failed to show cause why it should not be dismissed as such. Therefore, in accordance with Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court will dismiss the Motion without further proceedings.

**I. Background**

As explained in detail in the Court's December 15, 2023 Order, Movant filed the instant Motion after the expiration of the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Following is a summary.

On October 14, 2020, Movant pleaded guilty to two counts of being a felon in possession of a firearm.  *United States v. Eldridge*, No. 4:19-CR-810-RLW (E.D. Mo. 2019).   On January 27, 2021, the Court sentenced him to serve 48 months in prison, to be followed by a term of supervised release.  *Id.*  Movant did not appeal, so the judgment became final for purposes of 28

U.S.C. § 2255(f)(1) fourteen days later, on February 10, 2021.  Movant had one year from that date to seek relief under 28 U.S.C. § 2255 but did not do so until, at the earliest, July 31, 2023.  Therefore, the Court determined that the Motion could not be considered timely under 28 U.S.C. § 2255(f)(1).

Movant could be understood to assert that his Motion was timely under 28 U.S.C. § 2255(f)(3) because his asserted right to relief was initially recognized by the Supreme Court in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (Jun. 23, 2022).  Without considering the applicability of *Bruen* in this context, the Court determined that the Motion could not be considered timely under § 2255(f)(3) because Movant filed it more than one year after *Bruen* was decided.  On December 15, 2023, the Court entered an Order explaining the reasons the Motion was untimely, and directing Movant to show cause why it should not be dismissed as such.

In the Response now before the Court, Movant asserts that under § 2255(f)(3), he had a "1-year window that expires in June of 2023," and that "[e]ven though [his] motion was filed July 31, 2023, his motion is only 38 days from when Bruen . . . was decided."  (ECF No. 3 at 2).  In addition, Movant writes:

> Due to lockdowns all summer here at FCI Forrest City, Petitioner had no way to purchase stamps from commissary to meet that deadline of June 23, 2023, a 1-year window from when Bruen was decided. Therefore, Petitioner Eldridge states that he has shown cause of why his Petition under 28 USC § 2255 should not be dismissed.

*Id.* at 2-3.

## II. Discussion

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that a district court must examine a motion filed pursuant to 28 U.S.C. § 2255,

2

and summarily dismiss it if it plainly appears that the movant is not entitled to relief. Motions filed pursuant to 28 U.S.C. § 2255 are subject to a one-year limitations period. 28 U.S.C. § 2255(f), *Peden v. United States*, 914 F.3d 1151, 1152 (8th Cir. 2019). As relevant here, the one-year limitations period runs from the latest of "the date on which the judgment of conviction becomes final," 28 U.S.C. § 2255(f)(1), or "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

Movant's Response can be understood to argue that he is entitled to equitable tolling. Movant acknowledges he filed the Motion after the limitations period in 28 U.S.C. § 2255(f)(3), but contends his tardiness should be excused because he filed his Motion only 38 days past the 28 U.S.C. § 2255(f)(3) deadline. He also states that "lockdowns all summer" at his institution left him with "no way to purchase stamps from commissary to meet that deadline of June 23, 2023." (ECF No. 3 at 2). Movant does not specifically address the Court's conclusion that the Motion cannot be considered timely under 28 U.S.C. § 2255(f)(1).

Equitable tolling may be applied to the one-year statute of limitations for filing a § 2255 motion. *Odie v. United States*, 42 F.4th 940, 945 (8th Cir. 2022) (citing *Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013)). However, it is an "exceedingly narrow window of relief." *Id.* at 946 (citing *Deroo v. United States*, 709 F.3d 1242, 1246 (8th Cir. 2013)). Equitable tolling is appropriate only if a movant shows he was diligently pursuing his rights, and an "extraordinary circumstance stood in his way" and prevented him from filing his motion in a timely manner. *Id.* (quoting *Muhammad*, 735 F.3d at 815). Application of equitable tolling "must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules

3

of clearly drafted statutes." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001) (internal quotation omitted).

In this case, Movant cites no authority for the proposition that a § 2255 motion should be considered timely if it is filed only 38 days past the deadline, and the Court is aware of no such authority. Movant vaguely states that "lockdowns all summer" left him unable to buy stamps. (ECF No. 3 at 2). However, Movant fails to provide the most basic information, such as how many lockdowns occurred, when they occurred in relation to the § 2255(f)(3) deadline, or how long they lasted. Movant does not describe any action he took to prepare, or secure postage to file, a § 2255 motion in advance of any lockdown, nor does he allege he tried to buy stamps during a lockdown but was prevented from doing so. As noted above, application of equitable tolling "must be guarded and infrequent." *Jihad*, 267 F.3d at 805. Movant's generalized assertions provide no basis to conclude that he was diligently pursuing his rights, and a lockdown – or any other circumstance – stood in his way and prevented him from filing a timely § 2255 motion.

The Court concludes that the Motion is untimely under 28 U.S.C. § 2255(f)(1) and, without considering the applicability of *Bruen* in this context, the Court concludes that the Motion could not be considered timely under 28 U.S.C. § 2255(f)(3). Having considered Movant's response to this Court's December 15, 2023 Order, the Court concludes that Movant has failed to show cause why the Motion should not be dismissed as untimely. The Court will therefore dismiss this action at this time. *See Day v. McDonough*, 547 U.S. 198, 210 (2006) (a district court may consider, on its own initiative, whether a habeas action is time-barred, but must provide notice to the movant before dismissing it as such).

The Court now considers whether to grant a certificate of appealability. When a district court denies a § 2255 motion on procedural grounds, as here, it should grant a certificate of appealability only if the movant can show that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court's procedural ruling was correct. *Jimenez v. Quarterman*, 555 U.S. 113, 118 n. 3 (2009) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)); *see also Nelson v. United States*, 297 F. App'x 563, 566 (8th Cir. 2008) (noting, in a § 2255 action, that *Slack v. McDaniel* described "the circumstances in which a certificate of appealability should issue for a nonconstitutional procedural issue when that procedural issue precluded the district court from reaching the merits of the underlying constitutional claims."). In this case, Movant has provided no basis for the Court to issue a certificate of appealability. Therefore, the Court will not do so.

Accordingly,

**IT IS HEREBY ORDERED** that Movant Mark Eldridge's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that no certificate of appealability will issue.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 23rd day of January, 2024.